**ADANTE POINTER, ESQ., 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GONZALEZ, an individual, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES (42 U.S.C § 1983) |
| v. | |
| CITY OF MOUNTAIN VIEW, a municipal corporation; FNU, ROLDAN in his individual capacity as a police officer for the MOUNTAIN VIEW Police Department; FNU, GOFF in his individual capacity as a police officer for the MOUNTAIN VIEW Police Department; FNU, THOMAS in his individual capacity as a police officer for the MOUNTAIN VIEW Police Department; FNU, O'MALLEY in his individual capacity as a police officer for the MOUNTAIN VIEW Police Department; and DOES 1-50, inclusive. | JURY TRIAL DEMANDED |
| Defendants. | |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 1

**INTRODUCTION**

1.     On September 7, 2019, Anthony Gonzalez was attending a concert at the Shoreline Amphitheatre, located at 1 Amphitheatre Parkway in the City of Mountain View.  Mr. Gonzalez and his girlfriend were having a brief verbal disagreement while waiting for an Uber car-service to take them back to their hotel.  Mr. Gonzalez and his girlfriend were approached by a security guard working at the event who asked them if everything was okay.  Mr. Gonzalez told the security guard that there were no issues.  All of a sudden several Mountain View Police Officers approached Mr. Gonzalez and told him he was being detained.

2.     Despite there being no evidence of any physical altercation between Mr. Gonzalez and his girlfriend, the Officers told Mr. Gonzalez that he was being arrested for domestic violence or even accusations.  Mr. Gonzalez asked the Officers why he was being detained but was forcefully grabbed by one of the Officers and ordered to sit on the curb.  Mr. Gonzalez took out his phone to record his interaction with the Officers.

3.     Without warning or any lawful basis, the Officers began to forcefully grab, choke, and slam Mr. Gonzalez into the ground until he became unconscious.  While on the ground, Mr. Gonzalez regained consciousness but was still being choked despite his preceding lapse in consciousness.  Mr. Gonzalez told the Officers that he could not breathe, but his pleas were ignored.  Afterwards, the Officers arrest and charged Mr. Gonzalez with resisting arrest and public intoxication, but the district attorney promptly declined to press the charges after reviewing the case.

**JURISDICTION**

4.     This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the City of Mountain View, in Santa Clara County, California, which is within this judicial district.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 2

1

## **PARTIES**

2

5.      Plaintiff ANTHONY GONZALEZ (hereinafter "Plaintiff") is a competent adult

3

of majority age.

4

6.      Defendant FNU [First Name Unknown] ROLDAN (hereinafter "Defendant") is a

5

competent adult of majority age.

6

7.      Defendant FNU [First Name Unknown] GOFF (hereinafter "Defendant") is a

7

competent adult of majority age.

8

8.      Defendant FNU [First Name Unknown] THOMAS (hereinafter "Defendant") is

9

a competent adult of majority age.

10

9.      Defendant FNU [First Name Unknown] O'MALLEY (hereinafter "Defendant")

11

is a competent adult of majority age.

12

10.      Defendant CITY OF MOUNTAIN VIEW (hereinafter "City") is an incorporated

13

public entity duly authorized and existing as such in and under the laws of the State of

14

California; and at all times herein mentioned, Defendant City has possessed the power and

15

authority to adopt policies and prescribe rules, regulations and practices affecting the operation

16

of the Mountain View Police Department and its tactics, methods, practices, customs, and

17

usage.  At all relevant times, Defendant City was the employer of Defendants and DOES 1-25,

18

individually and as peace officers.

19

11.      Plaintiff is ignorant of the true names and capacities of those Defendants named

20

herein as DOES 1 through 25, inclusive.  Plaintiff will amend this Complaint to allege said

21

Defendants true names and capacities when that information becomes known to Plaintiff.

22

Plaintiff is informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are

23

legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and

24

that each of said Defendants proximately caused the injuries and damages by reason of

25

negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 3

negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.  Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

12.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein.  Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein.  Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

13.    In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the City of Mountain View.

14.    Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

15.    Due to the acts and/or omissions alleged herein, Defendants, and each of them, act as the agent, servant, and employee and/or concert with each of said other Defendants herein.

16.    Plaintiffs filed a timely government tort claim, and the City of Mountain View rejected the claim by operation of law.

## FACTUAL ALLEGATIONS

17.    On September 7, 2019, at approximately 10:40 p.m., Anthony Gonzalez was

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 4

attending a concert at the Shoreline Amphitheatre, located at 1 Amphitheatre Parkway in the City of Mountain View.  Mr. Gonzalez and his girlfriend were having a brief verbal disagreement while waiting for an Uber car-service to take them back to their hotel.  Mr. Gonzalez and his girlfriend were approached by a security guard working at the event and were asked if everything was okay.  Mr. Gonzalez told the security guard that there were no issues.  The security guard proceeded to speak to Mr. Gonzalez's girlfriend while Mr. Gonzalez stood nearby.

18.     Officer Roldan and Officer Goff approached Mr. Gonzalez and told him to come speak with them.  Mr. Gonzalez, confused by their request, asked why the Officers needed to speak with him and informed the Officers that he and his girlfriend had an UBER to catch.  Officer Goff forcefully grabbed Mr. Gonzalez and told Mr. Gonzalez that he was being detained for committing acts of domestic violence.  Officer Goff ordered Mr. Gonzalez to sit on the curb.

19.     Officer Thomas and Officer O'Malley arrived and approached Mr. Gonzalez as he was sitting on the curb.  Mr. Gonzalez stood up and began recording the Officers with his cell phone.  Officer Roldan and Officer O'Malley immediately grabbed Mr. Gonzalez by the collar of his shirt and arms, and ordered Mr. Gonzalez to sit back down.  Officer Thomas began choking Mr. Gonzalez from behind despite the fact that Plaintiff had not offered anything beyond passive resistance – which does not merit significant force.

20.     Officers Roldan, O'Malley, and Thomas violently slammed Mr. Gonzalez face first onto the ground, causing him to lose consciousness.  Officer Thomas continued to choke Mr. Gonzalez as he was unconscious on the ground.  Once Mr. Gonzalez regained consciousness, he told the Officers that he could not breath.  Despite Mr. Gonzalez's pleading for air, the Officers continued to put their weight on top of him, and Officer Thomas continued to choke him.  After Mr. Gonzalez was handcuffed, Officer Goff spoke with Mr. Gonzalez's girlfriend and determined that no acts of domestic violence had occurred.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 5

21.     Mr. Gonzalez was eventually taken by Santa Clara County EMS to Valley Medical Center where he received treatment for his injuries inflicted by the Officers.  Adding insult to injury, the Officers charged Mr. Gonzalez with resisting arrest and public intoxication. Tellingly, the district attorney declined to press charges.  As a result of the uses of force by Officer Roldan, Officer Goff, Officer Thomas, and Officer O'Malley, Plaintiff suffered significant physical injuries, and was unlawfully seized.

## DAMAGES

22.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

23.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**

*(PLAINTIFF against ROLDAN, GOFF, THOMAS, O'MALLEY, CITY of MOUNTAIN VIEW, and DOES 1-25)*

24.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

25.     When Defendants attacked Plaintiff, they had no reasonable suspicion or probable cause.  In addition, the officers issued no verbal warning to Plaintiff before using

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 6

force.  Plaintiff had committed no crimes.  Therefore, the use of any force, including beating plaintiff, was unlawful and excessive.  Defendant officers' conduct was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

26.     As a result of their misconduct, Defendants are liable for Plaintiff's injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)

*(PLAINTIFF against ROLDAN, GOFF, THOMAS, O'MALLEY, CITY of MOUNTAIN VIEW, and DOES 1-25)*

27.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

28.     When Defendants arrested Plaintiff, they had no reasonable suspicion and/or probable cause, and issued no lawful warnings and/or instructions.  Furthermore, Plaintiff had not committed any crimes.  Therefore, Defendants' use of force, detention and arrest of Plaintiff was an unlawful seizure that violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

29.      As a result of their misconduct, Defendant officers are liable for Plaintiff's injuries and imprisonment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Violation of the 1st Amendment of the U.S. – Retaliatory Arrest & Force)

*(PLAINTIFF against ROLDAN, GOFF, THOMAS, O'MALLEY, CITY of MOUNTAIN VIEW,*

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 7

*and DOES 1-25)*

30.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

31.     At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

32.     Upon information and belief, Defendants chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff exercising his right to protest police action, liberty and free movement.

33.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants, or because they failed to intervene to prevent these violations

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


## FOURTH CAUSE OF ACTION

### (Violation of the Bane Act (Cal. Civ. Code § 52.1))

*(PLAINTIFF against ROLDAN, GOFF, THOMAS, O'MALLEY, CITY of MOUNTAIN VIEW, and DOES 1-25)*

34.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

35.     Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

36.     By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 8

California Constitution:

      a.     Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

      b.     Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

      c.     Plaintiff's right to assemble and to free speech as secured by the First Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

37.     Excessive force which violates the Fourth Amendment, also violates the Bane Act.  Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

38.     Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.  All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

39.     Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

      a.     Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

      b.     Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 9

c.  Defendant striking and/or physically accosting Plaintiff in the absence of any threat or need for such force;

d.  Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

e.  Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

f.  Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

g.  Violating multiple rights of Plaintiff;

h.  Arresting Plaintiff for no reason.

40.  Defendant CITY OF MOUNTAIN VIEW is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

41.  As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

## FIFTH CAUSE OF ACTION

### (Battery – Violation of CALIFORNIA PENAL CODE § 242)

*(PLAINTIFF against ROLDAN, GOFF, THOMAS, O'MALLEY, CITY of MOUNTAIN VIEW, and DOES 1-25)*

42.  Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

43.     Defendants, while working as employees for the Defendant CITY OF MOUNTAIN VIEW Police Department, and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

44.     As a result of the actions of the Defendants, Plaintiff suffered physical injuries. Defendants and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their duties was an unreasonable use of force.

45.     Defendant CITY OF MOUNTAIN VIEW is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

46.     As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


## SIXTH CAUSE OF ACTION

### (Negligence)

*(PLAINTIFF against ROLDAN, GOFF, THOMAS, O'MALLEY, CITY of MOUNTAIN VIEW, and DOES 1-25)*

47.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint except any reference to intentional conduct..

48.     At all times, Defendants and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

49.     At all times, Defendants and Does owed Plaintiff the duty to act with reasonable care.

50.     These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a.   to refrain from using excessive and/or unreasonable force against Plaintiff;

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 11

    b.   to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

    c.   to refrain from abusing their authority granted them by law;

    d.   to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

51.    Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

52.    Defendant CITY OF MOUNTAIN VIEW is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

53.    As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

## SEVENTH CAUSE OF ACTION

### (False Imprisonment/Illegal Detention)

*(PLAINTIFF against ROLDAN, GOFF, THOMAS, O'MALLEY, CITY of MOUNTAIN VIEW, and DOES 1-25)*

54.    Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

55.    Defendants and DOES 1-25 detained and assaulted Plaintiff without just cause and under false pretenses.  Defendants restrained, detained, and/or confined Plaintiff without his consent or a lawful basis for a significant period of time.

56.    As a result of the Defendants and Does 1-50 unlawful confinement, Plaintiff suffered emotional distress and physical injuries.

57.    Defendant CITY OF MOUTAIN VIEW is vicariously liable, pursuant to

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 12

California Government Code § 815.2, for the violation of rights by its employees and agents.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### **JURY DEMAND**

62.    Plaintiff hereby demands a jury trial in this action.

### **PRAYER**

Wherefore, Plaintiff prays for relief, as follows:

1.  For general damages in a sum according to proof;

2.  For special damages in a sum according to proof;

3.  For punitive damages against ROLDAN, GOFF, THOMAS, O'MALLEY, and DOES 1-50;

4.  All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law against Defendant City and its employees;

5.  For cost of suit herein incurred; and

6.  For such other and further relief as the Court deems just and proper.


Date: August 9, 2021                     Respectfully submitted,


                                         **POINTER & BUELNA, LLP**

                                         **LAWYERS FOR THE PEOPLE**


                                         /s/ Patrick Buelna
                                         PATRICK M. BUELNA
                                         ADANTE D. POINTER
                                         COUNSEL FOR PLAINTIFFS
                                         Attorneys for Plaintiffs

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 13